UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL HINSCH,

    Plaintiff,                               CASE NO.

vs.

SCOTT ISRAEL,
IN HIS CAPACITY
AS SHERIFF
OF BROWARD COUNTY, FLORIDA,
and KEVIN MCCLERNON,
individually,

    Defendants.
_____/

## COMPLAINT

This is a civil action seeking money damages in excess of $15,000, exclusive of costs, interest, and attorney's fees, by MICHAEL HINSCH [hereafter "PLAINTIFF"] against KEVIN MCCLERNON [hereafter "Defendant MCCLERNON"], individually, and SCOTT ISRAEL [hereafter "Defendant SHERIFF"], in his capacity as SHERIFF OF BROWARD COUNTY, FLORIDA.

## BRIEF SUMMARY OF THE CASE

1.      On or about January 26, 2014, Defendant MCCLERNON was a deputy employed by Defendant SHERIFF.  While in uniform and acting under color of state law in his capacity as deputy sheriff for Defendant SCOTT ISRAEL, as SHERIFF of BROWARD COUNTY, FLORIDA, Defendant MCCLERNON used his Broward Sheriff's Office issued firearm and shot PLAINTIFF without legal justification, thereby committing state law torts and violating PLAINTIFF's federal civil rights.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the First, Fourth, and Fourteenth Amendments of the United States Constitution, and the laws of the State

of Florida. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 1331 and 28 U.S.C. § 1343. PLAINTIFF further invokes the supplemental jurisdiction of the United States District Court for the Southern District of Florida under 28 U.S.C. § 1367(a) to hear pendent State tort claims arising under State law, pursuant to U.S.C. § 1367(a).

3. The amount at issue in this case, excluding interest and costs, exceeds the jurisdictional limits of this Court.

4. PLAINTIFF presented his claims in writing to Defendant SHERIFF by means of a notice of claim letter in full satisfaction of Florida Statute § 768.28 within three (3) years of the accrual of the causes of action.

5. Defendant SHERIFF never made final disposition of the written claims of PLAINTIFF within six (6) months of their presentation.

## PARTIES

6. PLAINTIFF is a resident of Broward County, Florida and is subject to the jurisdiction of this Court.

7. At all times material, Defendant MCCLERNON was acting under color of law as a deputy sheriff for Defendant SHERIFF, and in such capacity as an agent, servant, and employee of Defendant SHERIFF.

8. Defendant SHERIFF, as SHERIFF of BROWARD COUNTY, FLORIDA, is the Sheriff of Broward County, Florida, as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SHERIFF acted through his agents, employees, and servants, including Defendant MCCLERNON.

## FACTS

9. On or about January 26, 2014, Defendant MCCLERNON was a deputy employed by Defendant SHERIFF.

10. On or about January 26, 2014, the date of the incident that is the subject of this

Complaint, Defendant MCCLERNON had been drinking alcohol throughout the day, and was likely intoxicated throughout the day and at the time of the event.

11. Defendant MCCLERNON, while in uniform and on his way to an off-duty detail, stopped at the Hollywood, Florida apartment of Lori Babb, his acquaintance.

12. When he arrived, Defendant MCCLERNON was wearing his uniform and utility belt with firearm. At some point after he arrived, he placed his utility belt with firearm on a television table that was between the entrance to the apartment and the kitchenette.

13. Subsequent to Defendant MCCLERNON'S arrival, PLAINTIFF, who was in an on-again, off-again relationship with Ms. Babb, came to Ms. Babb's apartment to spend the night and was invited in by her.

14. PLAINTIFF requested that Defendant MCCLERNON leave the apartment because PLAINTIFF needed to wake early for work the following day.

15. A verbal argument transpired between PLAINTIFF and Ms. Babb.

16. Defendant MCCLERNON offered the same advice he gives when he responds to a domestic violence call as an employee of Defendant SHERIFF.

17. Minutes later the argument between PLAINTIFF and Ms. Babb becomes louder, and Ms. Babb left the apartment temporarily.

18. PLAINTIFF was in the kitchenette area and Defendant MCCLERNON was standing closer to the door.

19. Defendant MCCLERNON, now treating this as a domestic situation, orders PLAINTIFF to drop a knife he was holding.

20. PLAINTIFF complied with the order to put the knife down, after which Defendant MCCLERNON seizes PLAINTIFF by ordering him to sit down.

21. When PLAINTIFF did not sit, Defendant MCCLERNON shot PLAINTIFF in the upper leg without legal justification.

22. Defendant MCCLERNON went outside and told bystanders to call and inform

911 that there is a white male with a gunshot wound and there's a deputy on scene.

23. When Defendant MCCLERNON gets acknowledgement that 911 had been alerted, he tries to medically treat PLAINTIFF as he typically does in his law enforcement duties.

24. PLAINTIFF suffered extensive and permanent injuries, both physically and mentally/psychologically, as a result of the gunshot.

25. Prior to this incident, Defendant MCCLERNON had a problem with alcohol of which Defendant SHERIFF was aware or reasonably should have been aware.

26. Prior to this incident, Defendant MCCLERNON also had a history of Internal Affairs complaints during his employment with Defendant SHERIFF, including one stemming from his involvement in a taser-related death.

## CAUSES OF ACTION

## COUNT 1

## STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT MCCLERNON

For his cause of action against Defendant MCCLERNON individually in Count 1, PLAINTIFF states:

27. PLAINTIFF realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 26.

28. Defendant MCCLERNON intentionally inflicted harmful or offensive contact upon the person of PLAINTIFF.

29. The contact occurred without PLAINTIFF'S consent.

30. The intentional harmful or offensive contact upon the person of PLAINITFF by Defendant MCCLERNON was committed while acting outside the course and scope of his employment as a police officer employed by Defendant SHERIFF, or was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human

rights, safety, or property.

31.     As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury.

32.     The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A.     Judgment for compensatory damages against Defendant MCCLERNON in excess of $15,000;

B.     Cost of suit;

C.     Trial by jury as to all issues so triable;

D.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

### ALTERNATIVELY TO COUNT 1, RESPONDEAT SUPERIOR/VICARIOUS LIABILITY STATE LAW CLAIM OF BATTERY AGAINST DEFENDANT SHERIFF

For his cause of action against DEFENDANT SHERIFF in Count 2, PLAINTIFF states:

33.     PLAINTIFF realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 26.

34.     Defendant MCCLERNON intentionally inflicted harmful or offensive contact upon the person of PLAINTIFF.

35.     The contact occurred without PLAINTIFF'S consent.

36.     The intentional harmful or offensive contact upon the person of PLAINITFF by Defendant MCCLERNON was committed in the course and scope of his employment as a police officer employed by Defendant SHERIFF, and Defendant SHERIFF is thus vicariously liable for his conduct.

37. As a police officer and employee of Defendant SHERIFF, Defendant MCCLERNAN was subject to Defendant SHERIFF's supervision and control.

38. As a direct and proximate result of the intentionally inflicted harmful or offensive contact, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury.

39. The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory and economic damages against Defendant SHERIFF in excess of $15,000;

B. Cost of suit;

C. Trial by jury as to all issues so triable;

D. Such other relief as this Honorable Court may deem just and appropriate.

### COUNT 3

### STATE LAW CLAIM OF NEGLIGENT RETENTION OR SUPERVISION AGAINST DEFENDANT SHERIFF

For his cause of action against Defendant SHERIFF in Count 3, PLAINTIFF states:

40. PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 26.

41. Prior to January 26, 2014, Defendant MCCLERNON engaged in or showed a propensity to engage in conduct that is in its nature dangerous to members of the general public.

42. Prior to January 26, 2014, Defendant SHERIFF was aware, or should have been aware, that Defendant MCCLERNON had previously acted, or in all probability would act, in a manner dangerous to other persons.

43. Prior to January 26, 2014, Defendant SHERIFF had the ability to control Defendant MCCLERNON such as to have substantially reduced the probability of harm to other persons.

44. PLAINTIFF was in fact injured by an act of Defendant MCCLERNON that could reasonably have been anticipated by Defendant SHERIFF and that by exercising due diligence and authority over Defendant MCCLERNON, Defendant SHERIFF might reasonably have prevented.

45. PLAINTIFF was within a zone of risk that was reasonably foreseeable to Defendant SHERIFF, created by Defendant SHERIFF's retention of, and/or lack of supervision over, Defendant MCCLERNON as a deputy sheriff despite his propensity to engage in dangerous conduct.

46. By such acts or omissions, Defendant SHERIFF breached his duty to PLAINTIFF to exercise reasonable care in retaining and/or supervising employees, because Defendant SHERIFF was placed on actual or constructive notice of Defendant MCCLERNON's dangerous tendencies, nature, or character, and it was unreasonable for Defendant SHERIFF to not take sufficient corrective action in the form of appropriate investigation, supervision, reassignment, or discharge.

47. As a direct and proximate result of Defendant SHERIFF's negligent retention or supervision of Defendant MCCLERNON, PLAINTIFF has suffered grievously, has been brought into public scandal, with great humiliation, and suffered significant physical injury, emotional, mental, and psychological injury.

48. The PLAINTIFF's losses or damages are either permanent or continuing in nature, and PLAINTIFF will suffer losses or damages in the future.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory damages against Defendant SHERIFF in excess of $15,000;

B. Cost of suit;

C. Trial by jury as to all issues so triable;

D. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT MCCLERNON, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant MCCLERNON individually in Count 4, PLAINTIFF states:

49. PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 26.

50. When Defendant MCCLERNON was acting under the authority of the State of Florida and under color of law as a law enforcement officer employed by Defendant SHERIFF, Defendant MCCLERNON subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States, including the right not to be deprived of liberty and to be free from unlawful or unreasonable search and/or seizure under the Fourth Amendment, and the right to be free from excessive use of force, within the meaning of 42 U.S.C. § 1983.

51. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of Defendant MCCLERNON were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress PLAINTIFF, and were done with a reckless or callous indifference to PLAINTIFF's federally protected rights.

52. As a direct and proximate result of the acts described above, PLAINTIFF suffered great humiliation, significant physical injury, emotional, mental, and psychological injury.

53. As a further direct and proximate result of the conduct of Defendant

MCCLERNON, PLAINTIFF suffered loss of his liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. PLAINTIFF's losses are either permanent or continuing and PLAINTIFF will suffer the losses in the future, in violation of PLAINTIFF's civil rights. PLAINTIFF has also agreed to pay the undersigned a reasonable fee for their services herein.

WHEREFORE, PLAINTIFF prays:

A. Judgment for compensatory damages against Defendant MCCLERNON in excess of $15,000;

B. Judgment for exemplary damages;

C. Cost of suit;

D. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1983.

E. Trial by jury as to all issues so triable; and

F. Such other relief as this Honorable Court may deem just and appropriate.

DATED this 17th day of January, 2018.

RUDENBERG & GLASSER, P.A.
Counsel for PLAINTIFF
633 SE 3rd Avenue, Suite 4F
Ft. Lauderdale, FL 33301
t.(954) 463-9518
f.(954) 463-1245
michaelglasserlaw@gmail.com

By:   s/ Michael Glasser
      _____
      MICHAEL GLASSER, ESQ.
      Fla. Bar No. 0554367